IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STANLEY BOOKER                                                    PLAINTIFF

VERSUS                                        CIVIL ACTION NO: 5:08-cv-309

MARCUS MOORE AND BOB'S RENTALS, INC.
d/b/a AVIS RENT-A-CAR                                            DEFENDANTS

## OPINION AND ORDER

This cause comes before the Court on Defendant Marcus Moore's (hereinafter "Moore") and Bob's Rentals, Inc.'s, d/b/a Avis Rent-A-Car (hereinafter "Bob's Rentals") (collectively "defendants") Motion for Partial Summary Judgment [docket entry no. 45], defendant's Motion for Partial Summary Judgment [docket entry no. 48], and Bob's Rentals' Motion for Partial Summary Judgment [docket entry no. 46]. Having carefully considered said Motions, Responses, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. FACTS AND PROCEDURAL HISTORY

This cause of action arises from an automobile accident in Mississippi that involved Stanley Booker ("plaintiff" or "Booker") and Marcus Moore on December 24, 2006, at or about 3:30 a.m. Booker is an adult resident citizen of Mississippi and Moore is an adult resident citizen of Missouri. The vehicle that was driven by Moore when the accident occurred was rented by Moore from Bob's

Rentals, a foreign corporation with its principal place of business in Missouri.  Moore was traveling in the southbound lane of Interstate 55 in Mississippi when his vehicle collided with the rear-end of Booker's vehicle.[1]  Both vehicles were severely damaged and both parties were transported to the hospital for treatment. At the hospital, Mississippi State Trooper Cole Trowbridge, who was called to the scene of the accident, questioned Booker and asked for a blood sample to perform a chemical test.  After being warned that his refusal would result in the suspension of his license, Booker still refused and was written a citation for DUI refusal.[2]

At his trial in the Justice Court of Yazoo County for DUI refusal, Booker was convicted of operating a vehicle while under the influence of alcohol in violation of Miss. Code Ann. § 63-11-30(1)(a) and refusal to submit to a chemical test of his blood in violation of § 63-11-5(1).  At the trial, Trooper Cole testified that at 3:30 a.m. on the morning of December 24, 2006, he responded to a call from dispatch that a vehicle was stopped in the middle of the southbound lane of Interstate 55.  Before Trooper Cole arrived, however, a two car accident occurred involving the

---

[1] The parties dispute whether Booker's vehicle was moving forward or sitting still in the interstate at the time of the accident.

[2] Pursuant to Mississippi Code Ann. § 63-11-21, a law enforcement officer may confiscate a person's drivers licence if the person refuses to submit to a blood alcohol test.  The person is also subject to arrest and punishment consistent with § 63-11-30.

2

vehicle. Upon arrival, Trooper Cole found Booker's vehicle in a ditch beside the interstate and Booker was on the ground, conscious, but covered with a blanket. After Booker was transported to the hospital, Trooper Cole asked him for a blood sample, but Booker refused. After being warned that his license may be suspended, Booker still refused. Trooper Cole testified that he sought a blood sample because he smelled alcohol on Booker at the scene of the accident. On appeal to the County Court of Yazoo County, Mississippi, the county court affirmed Booker's conviction on August 7, 2007.

Subsequently, the plaintiff commenced the instant action against the defendants in the Circuit Court of Yazoo County, Mississippi on October 7, 2008. In his complaint, Booker alleges a claim of negligence against Moore and a claim of negligent entrustment against Bob's Rentals. The complaint seeks damages for the plaintiff's alleged personal injuries, past and future medical expenses, lost wages, and property damage. On October 24, 2008, the defendants removed this action to the Federal District Court for the Southern District of Mississippi on the basis of complete diversity pursuant to 28 U.S.C. §§ 1332, 1446. The defendants' partial summary judgment motions are now before the Court.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is apposite "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).[3] The party moving for summary judgment bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the non-moving party to show that summary judgment is inappropriate." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). But the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Moreover, "[t]he mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary

---

[3] "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1985 Real Estate Partnership v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted).

4

judgment." Anderson, 477 U.S. at 252. The non-movant must instead come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is properly rendered when the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

### III. ANALYSIS

1. *The Defendants' Summary Judgment Motion Regarding the Plaintiff's Claim for Property Damage [docket entry no. 45]*

In their motion, the defendants are seeking summary judgment as to the plaintiff's claim for property damage to his vehicle. The defendants argue that, after the accident occurred, Booker received $3000.00 from his insurance company as payment for his vehicle which was totaled in the accident. Therefore, the defendants argue that the plaintiff cannot prove he has a claim for property damage since he has already received payment for his property damage from his insurance company.

Booker concedes that he received a payment from his insurance company for the damage to his vehicle. Nonetheless, under Mississippi law, "a defendant tortfeasor is not entitled to have damages for which he is liable reduced by reason of the fact that the plaintiff has received compensation for his injury by and through a totally independent source, separate and apart from the defendant tortfeasor." Wright v. Royal Carpet Services, 29 So. 3d

109, 113 (Miss. Ct. App. 2010)(quoting Robinson Prop. Group, L.P. v. Mitchell, 7 So. 3d 240, 243 (Miss. 2009)). That is, "compensation or indemnity received by the plaintiff from a collateral source such as insurance cannot be used by the defendant to mitigate or reduce damages." Id.

In this case, the payments Booker received for the damage to his vehicle were from a "totally independent source," his insurance company. Id. After all justifiable inferences are drawn in favor of the non-moving party, this Court is of the opinion that the plaintiff has provided sufficient evidence that presents a genuine issue of material fact as to his property damage. Thus, in accordance with the collateral source rule, the Court finds that the defendants are not entitled to summary judgment as to the plaintiff's claim for property damages.

In addition to his claim for property damages to his vehicle, the plaintiff asserts in his motion a right to recover damages for loss of use of his vehicle. The plaintiff contends that damages for loss of use are included in a claim for property damages. As support for this claim, the plaintiff relies on Pelican Trucking Co. v. Rossetti, 251 Miss. 37, 167 So. 2d 924 (Miss. 1964). In Pelican, the plaintiff was an insurance salesman who traveled several hundred miles a week in his vehicle. Id. at 44. His car, which was parked on the street in front of his house, was severely damages when a tractor trailer rig passed by and ran into it. The

Pelican court held that because the plaintiff's car was a **commercial vehicle**, he was entitled to recovery for loss of use, which is the period of time that "is reasonably required for making repairs, or that within which the vehicle could be repaired with ordinary diligence."  Id. at 44 (emphasis added); See National Dairy Products Corporation v. H.G. Jumper, 241 Miss. 339, 130 So. 2d 922 (Miss. 1961)(holding that plaintiff is entitled to damages for loss of use of **commercial vehicle** "during the process of repair")(emphasis added)).  The defendants argue that the plaintiff failed to assert this claim in his complaint and that the plaintiff has presented no proof as to his damages for loss of use of his vehicle; therefore, they assert, this claim should be dismissed.

The instant case is distinguishable from Pelican and Jumper. Booker's vehicle was not a commercial vehicle nor has he claimed it was a commercial vehicle.  Rather, his vehicle was a Toyota Tacoma, which was only intended for private use and was being used as a private vehicle when the accident occurred.  In addition, Booker did not assert his a claim for damages for loss of use of his vehicle in his complaint nor did he seek leave to amend his complaint to add this claim.  See FED. R. CIV. P. 15.  Rather, he first asserts this claim in his response [docket entry no. 60] filed on May 4, 2010, which is less than one month before the case is set for trial.  For these reasons, the Court finds that the plaintiff does not have a valid claim for loss of use of his

vehicle and may not recover damages for loss of use.

2. *The Defendants' Summary Judgment Motion Regarding the Plaintiff's Claims for Lost Wages [docket entry no. 48].*

In this motion, the defendants seek summary judgment as to the plaintiff's damage claim for lost wages, which Booker alleges were lost because his injuries from the accident prevented him from driving a tractor-trailer rig.[4]  The defendants posit two arguments in support of their motion.  First, the defendants argue that the plaintiff's damages for lost wages are too speculative and not reasonably certain.  Second, the defendants argue that the plaintiff's conviction for DUI refusal, which resulted in the suspension of the plaintiff's driving privileges, was an intervening cause that resulted in the plaintiff's lost wages.  The Court will first address the intervening cause issue.

To prevail on a claim of negligence under Mississippi law, "a plaintiff must prove by a preponderance of the evidence (1) duty, (2) breach, (3) causation, and (4) injury." Gulledge v. Shaw, 880 So. 2d 288, 292-93 (Miss. 2004).  The element of causation is separated into two parts, "causation in fact and proximate cause." Id.  "Proximate cause of an injury is that cause which in natural and continuous sequence unbroken by any efficient intervening cause produces the injury and without which the result would not have

---

[4] This Opinion and Order only addresses the plaintiff's claim for lost wages for commercial truck driving.  The Court's Opinion and Order does not address the validity of the plaintiff's claim for lost wages for any other type of employment.

8

occurred." Id.(quoting Delahoussaye v. Mary Mahoney's, Inc., 783 So. 2d 666, 671 (Miss. 2001)). Additionally, *some* injury must be foreseeable in order to hold the actor liable for negligence. Id. (emphasis in original).

In Mississippi, "actionable fault must be predicated upon action or inaction, prompted by knowledge, actual or implied, of facts which make the result of the defendant's conduct not only the probable result but also a result which the defendant should, in view of the facts, have reason to anticipate." Touche Ross & Co. v. Commercial Union Ins. Co., 514 So. 2d 315, 323 (Miss. 1987)(citations omitted). "Moreover, the defendant's conduct must then cause the loss, by natural and continuous sequence, unbroken by any efficient intervening causes." Id. (citations omitted). A defendant is only charged with safeguarding "against reasonable probabilities and is not charged with foreseeing all occurrences, even though such occurrences are within the range of possibility." Breland v. U.S., 791 F.Supp. 1128, 1134 (S.D. Miss. 1990)(citing Pargas of Taylorsville, Inc. v. Craft, 249 So. 2d 403 (Miss. 1971)(citation omitted)). "Although one actor may be guilty of negligence, he is relieved of liability if another, acting independently and voluntarily, puts into motion another and intervening cause which efficiently leads in unbroken sequence to the injury." Id. (citing Mississippi City Lines, Inc. v. Bullock, 13 So. 2d 34 (Miss. 1943)).

In <u>Bullock</u>, the Mississippi Supreme Court defined "intervening cause" as follows:

> Although one may be negligent, yet if another, acting independently and voluntarily, puts in motion another and intervening cause which efficiently thence leads in unbroken sequence to the injury, the latter is the proximate cause and the original negligence is relegated to the position of a remote and, therefore, non-actionable cause. Negligence which merely furnishes the condition or occasion upon which injuries are received, but does not put into motion the agency by or through which the injuries are inflicted, is not the proximate cause thereof. The question is, did the facts constitute a succession of events so linked together as to make a natural whole, or was there some new and independent cause intervening between the alleged wrong and the injury?

13 So. 2d at 36 (citations omitted).

"An intervening cause is not reasonably anticipated if it is a remote possibility, such as a criminal act." <u>Breland</u>, F.Supp. at 1136; <u>see</u> <u>also</u> <u>Glover ex rel. Glover v. Jackson State Univ.</u>, 968 So. 2d 1267, 1289 (Miss. 2007)(holding that criminal acts are generally intervening causes if they are not foreseeable). "As a general rule, a wilful, malicious, or criminal act breaks the chain of causation." <u>Anderson v. Theisen</u>, 43 N.W. 2d 272, 273 (Minn. 1950)(quoted in <u>Perementer v. Milner Chevrolet Co.</u>, 91 So. 2d 243, 245 (Miss. 1956)).

For the purpose of this partial summary judgment motion, the Court assumes, but does not so find, that Moore was negligent when his vehicle collided with the rear-end of Booker's vehicle. The ultimate issue is whether such negligence, if any, was the

proximate cause of Booker's lost wages for commercial truck driving. "[E]ven where negligence is shown that fact alone affords no basis for the recovery of damages unless it further appears from direct evidence or reasonable inference that such negligence proximately contributed to the damage." Tombigbee Elec. Power Ass'n v. Gandy, 62 So. 2d 567, 569 (Miss. 1953).

In Bufkin v. Louiville and N.R. Co., 137 So. 517 (Miss. 1931), the Mississippi Supreme Court held:

> A wrongdoer is responsible for the consequences of his own wrongful act, but he is not responsible for what others, acting independently of him, and for themselves, did, even though his act may be the occasion of their act. They are independent actors, and each is responsible for his own act. "Consecutive wrongs, done by independent agents, cannot be conjoined to increase or enlarge the responsibility of one of them." One person is negligent on a particular subject-matter, another person, moving independently, comes in, and either negligently or maliciously so acts as to make the negligence of the other injurious to a third person. In such a case the person so interfering "acts as a nonconductor and insulates" the negligence of the other person.

Id. at 518 (citations omitted). A defendant "is not required to anticipate an 'unusual or improbable result.'" Touche Ross, 514 So. 2d at 323 (quoting Paramount-Richards Theatres v. Price, 211 Miss. 879, 887, 53 So. 2d 21, 22 (Miss. 1951)). Nor is he required to anticipate "other 'remote possibilities.'" Id. (quoting Wright v. Illinois Central Railroad Co., 196 Miss. 150, 155, 16 So. 2d 381, 388 (Miss. 1944)).

In the case at bar, the negligence of Moore, if any, in rear-

ending Booker's vehicle on Interstate-55, merely furnished the occasion upon which Booker refused a chemical test resulting in the suspension of his license and his lost wages for driving a tractor-trailer rig. Although Booker may have been injured in the accident, those injuries did not cause him to refuse a chemical test nor did the injuries cause the subsequent suspension of his license or his conviction for DUI refusal. Rather, Booker independently and intentionally refused the chemical test that resulted in his license being suspended for ninety (90) days and his subsequent conviction for DUI refusal. This suspension rendered him incapable of performing his duties as a commercial truck driver and caused him to lose wages until May 7, 2007. Even if, as Booker contends, he did not refuse the chemical test, the facts clearly show that his license was suspended for ninety (90) days and he was convicted of DUI refusal. Therefore, because of his suspended license, he could not drive his tractor-trailer rig, which resulted in his lost wages.

As support for his argument that the injuries he received from the accident were the proximate cause of his lost wages, Booker presented a work restriction notice from the North Central Mississippi Neurological Surgery Clinic stating that the he could not return to work until April 15, 2007. Therefore, as of April 15, 2007, Booker was physically able to return to work. However, it is undisputed that after the accident, the plaintiff's driving

license was suspended until May 7, 2007 because of his DUI refusal conviction. Thus, as a result of Booker's own actions, he could not perform his duties as a commercial truck driver because his license was suspended from February 7, 2007 until May 7, 2007. Moreover, Booker was convicted for driving under the influence of intoxicating liquor in violation of Miss. Code Ann. § 63-11-30(1)(a) and for refusing to submit to a chemical test of his blood in violation of § 63-11-5(1). These are criminal acts under Mississippi law, and, therefore, are considered an intervening cause. See Glover ex rel. Glover v. Jackson State Univ., 968 So. 2d 1267, 1289 (Miss. 2007)(holding that criminal acts are generally intervening causes if they are not foreseeable). For these reasons, Booker's conviction for DUI refusal and subsequent suspension of his driver's license were new and independent causes intervening between the alleged wrong of the defendants and the plaintiff's lost wages for commercial truck driving.

The Court finds that the proximate cause of the plaintiff's lost wages for commercial truck driving was not the negligence, if any, of the defendants, but the intentional refusal of Booker to submit to a chemical test and the subsequent suspension of his driver's license and conviction for DUI refusal. Thus, there is no genuine issue of fact in regard to the plaintiff's alleged damages for lost wages for commercial truck driving and the defendants are entitled to summary judgment on this damage claim as a matter of

law.[5]

3. *Defendant Bob's Rentals, Inc.'s Summary Judgment Motion Regarding the Plaintiff's Claim for Negligent Entrustment [docket entry no. 46].*

In this motion, Bob's Rentals' seeks summary judgment as to the plaintiff's claim for negligent entrustment. Because the rental agreement between Bob's Rentals and Moore was signed in Missouri, the defendants argue that a choice a law issue is presented and that Missouri law applies. Alternatively, the plaintiff argues that Mississippi law applies to the negligent entrustment claim because Mississippi is the place of the accident and the forum state.

Inasmuch as this is a diversity suit in the Federal District Court for the Southern District of Mississippi, this Court must utilize the choice of law rules of Mississippi. Klaxon Co. v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 491 (1941); Erie Railroad Co. v. Thompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In determining which state's law to apply, Mississippi uses the "center of gravity" test. Zurich v. American Ins. Co. v. Goodwin, 920 So. 2d 427, 433 (Miss. 2006); Dortch v. Jack, 2005 WL 1279025, *3 (S.D. Miss. 2005)(citation omitted). The "center of gravity" doctrine "is a rule whereby the court trying

---

[5] Because the Court finds the defendants are entitled to summary judgment regarding the plaintiff's damage claim for lost wages, it is unnecessary for the Court to determine if that claim is too speculative and not reasonably certain.

14

the action applies the law of the place which has the most significant relationship to the event and parties or which, because of the relationship or contact with the event and parties, has the greatest concern with the specific issues with respect to the liabilities and rights of the parties to the litigation." Zurich, 920 So. 2d at 433 (quoting Mitchell v. Craft, 211 So. 2d 509- 510 (Miss. 1968)). Put another way, "the primary inquiry [of the center of gravity test] is 'which state has the most substantial contacts with the parties and the subject matter of this action.'" Classic Motel, Inc. v. Coral Group, Ltd., 833 F.Supp. 593, 598 (S.D. Miss. 1993)(citing Boardman v. United Servs. Auto. Ass'n, 470 So. 2d 1024, 1036 (Miss. 1985)).

The Court must consider four factors under the center of gravity test:

> (a) the place where the injury occurred;
>
> (b) the place where the conduct causing the injury occurred;
>
> (c) the domicile, residence, nationality, place of the incorporation and place of business of the parties; and
>
> (d) the place where the relationship, if any, between the parties is centered.

Classic Motel, 833 F. Supp. at 598 (quoting Mitchell, 211 So. 2d at 515)). In the case at bar, although the vehicle accident occurred in Mississippi, the alleged conduct associated with the negligent

entrustment claim against Bob's Rentals occurred in Missouri.[6] Additionally, Bob's Rentals is incorporated in Missouri with its principal place of business in Missouri. Lastly, defendants Moore and Bob's Rentals entered into the rental agreement in Missouri. For these reasons, Missouri has the most substantial contacts with the parties in regard to the negligent entrustment claim; thus, the law of the state of Missouri applies to this claim. See e.g. Dortch, 2005 WL 1279025 (applying North Carolina law to a negligent entrustment claim in Mississippi because the negligent conduct of U-Haul defendants occurred in North Carolina, defendant was incorporated in North Carolina, and rental contract was entered into in North Carolina).

Under Missouri law, the essential elements of a negligent entrustment claim are:

> (1) that the entrustee is incompetent by reason of age, inexperience, habitual recklessness or otherwise;
>
> (2) that the entrustor knew or had reason to know of the entrustee's incompetence;
>
> (3) that there was an entrustment of the chattel; and
>
> (4) that the negligence of the entrustor concurred with the conduct of the entrustee as a proximate cause of the harm to plaintiff.

Evans v. Allen Auto Rental and Truck Leasing, Inc., 555 S.W. 2d

---

[6] The plaintiff alleges that Bob's Rentals negligently entrusted the vehicle to Moore because Bob's did not verify if Moore had a valid driver's license at the time the vehicle was rented and because Moore did not have a valid driver's license when he rented the vehicle.

325, 326 (Mo. 1977). On a summary judgment motion, the defendant "may establish a right to judgment by showing (1) facts that negate *any one* of the claimant's element facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements. . . ." <u>Trow v. Worley</u>, 40 S.W. 3d 417, 423 (Mo. App. 2001)(emphasis in original)(quoting <u>ITT Commercial Finance v. Mid-America Marine</u>, 854 S.W. 2d 371, 381 (Mo. 1993)).

In this case, the plaintiff alleges that Moore was incompetent to drive because he did not have a valid driver's license and Bob's Rentals negligently entrusted the vehicle to Moore because it failed to verify the validity of Moore's driver's license. Bob's Rentals does not dispute that it had a duty to verify Moore's driver's license but, rather, contends that it is undisputed that Moore had a valid license at the time the vehicle was rented and that Bob's Rentals verified his license. In support of its motion, Bob's Rentals submitted the deposition testimony of Moore taken on October 7, 2009. In his deposition, Moore testified that he had a valid driver's license at the time he rented the vehicle and he thought the rental company asked to see his license but he could not recall. Exh. D, p. 17-18. (attached to Defendant's docket entry no. 46). As evidence that Moore's license was not valid and that Bob's Rentals did not verify Moore's license, the plaintiff

17

submitted a copy of the rental agreement signed by Moore. The rental agreement form has a blank space for the driver's name, charge card number, street address, state, zip code, business and home telephone, driver's license number, issuing and expiration date, issuing country, date of birth, as well as a signature line for the driver, renter, and date. The form also states that "the undersigned who is the 'additional driver' represents the he (she) is 25 years or older, possesses a valid driver's license, and agrees to the terms fo the rental. . . ." Exh. E, p. 2. (attached to Defendant's docket entry no. 46). The form is signed by Moore and his driver's license number printed in the proper space; however, the spaces for the issuing date, expiration date, and issuing country are blank. The plaintiff contends that these blank spaces create a genuine issue of material fact regarding the validity of Moore's license and whether Bob's Rental verified the validity of his license. The Court is of the opinion that the blank spaces on the rental agreement show the existence of a genuine issue of material fact as to the validity of Moore's license and whether Bob's Rentals verified Moore's license.

Therefore, after a thorough review of the arguments and the evidence presented, the Court finds that the plaintiff has presented sufficient evidence which shows that there is a genuine issue of material fact as to his claim for negligent entrustment. For this reason, Bob's Rental is not entitled to a judgment as a

matter of law on the plaintiff's negligent entrustment claim.

## IV. CONCLUSION

Accordingly

**IT IS HEREBY ORDERED** that Defendant Marcus Moore's and Bob's Rentals, Inc.'s Partial Motion for Summary Judgment [docket entry no. 45] is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Defendant Marcus Moore's and Bob's Rentals, Inc.'s Partial Motion for Summary Judgment [docket entry no. 48] is **GRANTED.**

**IT IS FURTHER ORDERED** that Bob's Rentals, Inc.'s, d/b/a Avis Rent-A-Car Motion for Partial Summary Judgment [docket entry no. 46] is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 17th day of May 2010.

                                        s/ David Bramlette
                                   **UNITED STATES DISTRICT JUDGE**