**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

STANLEY BOOKER                                                    PLAINTIFF

VERSUS                                      CIVIL ACTION NO: 5:08-cv-309

MARCUS MOORE AND BOB'S RENTALS, INC.
d/b/a AVIS RENT-A-CAR                                            DEFENDANTS

<u>**ORDER**</u>

This cause comes before the Court on the defendants' Second Motion in Limine [docket entry no. 62], Supplement to the Second Motion in Limine [docket entry no. 73], Third Motion in Limine [docket entry no. 63], Supplement to the Third Motion in Limine [docket entry no. 74], and Motion to Strike [docket entry no. 72]. Having carefully considered said Motions, the plaintiff's Responses thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

This cause of action is set for trial on June 15, 2010. The defendants filed their Second and Third Motions in Limine on May 5, 2010. Both motions seek to exclude testimony by one of the plaintiff's designated experts, Dr. Howard Katz (hereinafter "Dr. Katz"). On May 19, 2010, the parties took the deposition testimony of Dr. Katz. Thereafter, the defendants filed supplemental memoranda to both their second and third Motions in Limine. The defendants also filed a Motion to Strike certain portions of Dr. Katz's deposition testimony. The defendants' motions are now

before the Court.

## 1. *Second Motion in Limine*

In this motion, the defendants seek to exclude from trial Dr. Katz's deposition testimony regarding: "(1)any causal connection between the incident described in Plaintiff's Complaint and Plaintiff's subsequent treatment, (2) any of the medical treatment provided by Plaintiff's treating physicians, or (3) any records generated by Plaintiff's treating physicians." (Def. Supplementation to Second Mot. in Limine, at p. 1.) Specifically, the defendants argue that Dr. Katz's expert report did not state that treatment by prior physicians was "reasonable and necessary" and it did not mention a connection between the plaintiff's prior treatment and the accident. The defendants also contend that Dr. Katz's testimony regarding the costs of the prior treatment is inadmissible because this information is outside the scope of his written report, and the plaintiff laid no foundation for the admissibility of this evidence.

In response, the plaintiff argues that an expert medical witness does not have to use specific words for his or her testimony to be reliable or admissible. The plaintiff also contends that Dr. Katz's report states in several different sections that his opinion is based on a reasonable degree of medical certainty, and it is not necessary for the report to make this statement every time Dr. Katz states an opinion. The

2

plaintiff argues that Dr. Katz's report fully complies with Federal Rule 26(a)(2), and that Dr. Katz's deposition testimony was not outside the scope of his report. In regard to Dr. Katz's testimony about the costs of the plaintiff's past medical treatment, the plaintiff argues that Dr. Katz had access to the plaintiff's medical records prior to and during his deposition testimony and, as an expert, he is qualified to testify whether past medical expenses were reasonable and necessary.

Federal Rule of Civil Procedure 26 requires an expert to provide a report to the opposing party that contains, among other things, a complete statement of all opinions with the bases and reasons therefore and the data considered in forming those opinions. "Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony. The purpose of Rule 26(a)(2) is to provide notice to opposing counsel - before the deposition - as to what the expert witness will testify . . . ." Ciomber v. Cooperative Plus, Inc., 527 F.3d 635, 642 (7th Cir. 2008). That is, "[t]he purpose of the rule is to eliminate 'unfair surprise to the opposing party.'" Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc., 493 F.3d 160, 167 (D.C. Cir. 2007)(citing Sylla-Sawdown v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995)). Under Rule 37(c), the exclusion of expert testimony or opinion "is automatic and mandatory" unless the failure to comply with Rule 26(a) is

3

"substantially justified or harmless." Salgado v. General Motors Corp., 150 F.3d 735 (7th Cir. 1998); Roberts ex rel. Johnson v. Galen of Virginia, Inc., 325 F.3d 776, 782 (6th Cir. 2003); FED. R. CIV. P. 37(c).

First, the defendants seek to exclude Dr. Katz's testimony regarding the causal connection between the automobile accident and the plaintiff's subsequent medical treatment because Dr. Katz did not state that the treatment was "reasonable and necessary." Although Dr. Katz does not state at every juncture in his report that the plaintiff's past medical treatment was "reasonable and necessary," this fact alone does not preclude his report or testimony from being reliable. In his report, Dr. Katz discusses the history of the plaintiff's present illness including his symptoms directly after the accident occurred and the treatment he received thereafter. His report also reviews the plaintiff's symptoms and provides a summary of the records and notes of each physician the plaintiff visited including the treatment received and medical diagnosis provided by each physician. Under Mississippi law, "there is no requirement that an expert use magical language in his testimony, 'as long as the import of the testimony is apparent.'" Vanlandingham v. Patton, --- So.3d ----, 2010 WL 2163853, at ¶ 37 (Miss. App. 2010) (quoting West v. Sanders Clinic for Women, P.A., 661 So.2d 714, 720 (Miss. 1995)). "Expert testimony regarding medical causation is not probative unless it is

in terms of probabilities, not possibilities." <u>Spaulding v. United States</u>, 241 Fed. Appx. 187, 2007 WL 2033245, at *3 (5th Cir. 2007)(citation omitted). "Further, an expert witness need not testify with absolute certainty. . . . Instead, the underlying concern of the court is whether or not the expert's testimony is sufficiently reliable." <u>Id</u>. (citations omitted).

In this case, the defendants do not question the reliability of Dr. Katz's report or his testimony, his qualifications, or the relevance of his testimony. The Court finds that his report sufficiently explains his opinions regarding causation and the reasonableness of the plaintiff's past medical treatment. Further, the defendants were aware of the plaintiff's medical history before Dr. Katz's deposition testimony and are not unfairly surprised by his testimony regarding the cause of the plaintiff's injuries or his medical treatment for those injuries. Therefore, Dr. Katz's testimony regarding the causal connection between the incident described in the plaintiff's Complaint and plaintiff's subsequent treatment is not excluded.

Second, the defendants argue that Dr. Katz testimony about the medical treatment provided by the plaintiff's treating physicians should be excluded. As stated previously, Dr. Katz report sufficiently details the treatment plaintiff received from prior physicians and also contains Dr. Katz's opinion regarding the cause of the plaintiff's injuries. Furthermore, an expert witness,

5

"because of his profession knowledge and ability, is competent to judge for himself the reliability of the records and statements on which he bases his expert opinion. . . . An expert's opinion is derived not only from records and data, but from education and from a lifetime of experience." United States v. Williams, 447 F.2d 1285, 1290 (5th Cir. 1971). For these reasons, the Court finds that Dr. Katz's testimony regarding the plaintiff's past medical treatment and the reasonableness of that treatment is admissible.

Thirdly, the defendants argue that any records generated by the plaintiff's treating physicians should be excluded. The defendants contend that the plaintiff did not lay the proper foundation for these records to be admitted as an exhibit and that Dr. Katz's testimony regarding these records was outside the scope of his report. As previously stated, Dr. Katz testimony regarding prior treatment is not outside the scope of his report. As to the medical records of the plaintiff's treating physicians, the Court finds that these records are admissible under Federal Rule of Evidence 803(6). Rule 803(6) is a hearsay exception for "records of regularly conducted activity." Under Rule 803(6), [t]here is no requirement that the witness who lays the foundation be the author of the record or be able to personally attest to its accuracy." United States v. Duncan, 919 F.2d 981, 986 (5th Cir. 1991) (citations omitted). Further, "there is no requirement that the records be created by the business having custody of them." Id.

Rather, the "'primary emphasis of Rule 803(6) is on the reliability or trustworthiness of the records sought to be introduced.'" Id. (quoting United States v. Veytia-Bravo, 603 F.2d 1187, 1189 (5th Cir. 1979)). Here, the witness is competent, the exhibits are relevant and reliable, and the defendants have not challenged the authenticity of the medical records. As a result, the Court finds that the medical records are admissible.

Finally, the defendants contend that Dr. Katz's deposition testimony regarding the costs of the treatment provided to the plaintiff from prior physicians should be excluded. In his deposition, Dr. Katz was asked if he thought $19,208.53 was a reasonable and necessary costs for plaintiff's past medical treatment. Dr. Katz testified that "I haven't sat down and compared this -- each thing, but it looks cheap. $20,000 for all the care he got looks pretty reasonable to me." (Depo. at p. 50.) In his report, Dr. Katz never opined about the costs of the plaintiff's past medical treatment nor did he discuss any expenses in the plaintiff's medical records. Moreover, the document provided to Dr. Katz during his deposition testimony describing the costs of the plaintiff's past medical treatment was not disclosed to the defendants prior to deposition. Because this information is completely outside the scope of Dr. Katz's report and because it is speculative, the Court finds that Dr. Katz's deposition testimony regarding the costs of plaintiff's prior medical treatment is

7

inadmissible.

## 2. *Third Motion in Limine*

In this motion, the defendants seek to exclude any testimony from Dr. Katz regarding the plaintiff's "specific functional limitations" and "anticipated medical needs." The defendants argue that, in his report, Dr. Katz's opinion regarding "specific functional limitations" and "anticipated medical needs" of the plaintiff are not expressed "to a reasonable degree of medical certainty," and are speculative. In his report, Dr. Katz stated:

> **Specific Functional Limitations**: Mr. Booker is capable of performing his usual activities. However, he is at increased risk of sustaining neurological injury in the event that even a minor injury or accident occurs. Also performing his usual activities is done under duress in that he has chronic neck pain radiating into his shoulders and low back.
>
> **Anticipated Future Medical Needs**: Mr. Booker needs to follow up with a spine specialist an average of one time per year. He will continue to require medications consistent with Ibuprofen 800 mg on an as needed basis an average of thirty per month. He will continue to benefit from a home exercise program. He would benefit from a cervical pillow. Mr. Booker is at a very high risk of developing worsening spinal stenosis requiring surgery. The most likely surgery would be multiple level laminectomy and fusion. Although, Mr. Booker is at a very high risk for this surgery, I cannot state that he will need it to a reasonable degree of medical certainty. I would be interested in Dr. Nadar's opinion. From time to time Mr. Booker is going to have acute exacerbations of his chronic neck pain from which he would benefit from the equivalent of an average of four sessions of physical therapy per year. Due to his cervical stenosis he would not be a candidate for chiropractic treatment. Although surgery cannot be anticipated to a reasonable degree of medical certainty I would anticipate that Mr. Booker will

8

> need repeat scans of his neck consistent with a CT scan
> or MRI scan a minimum of once every ten years average
> over the rest of his life.

As previously stated, it is not necessary for an expert medical witness to use "magic language" in order for his testimony to be reliable or admissible. Vanlandingham, 2010 WL 2163853, at ¶ 37. Here, the defendants are arguing that because Dr. Katz did not say "to a reasonable degree of medical certainty," his opinions and testimony should be excluded. The Court finds this argument to be without merit. Dr. Katz did state in his assessments under "causation," "maximum medical improvement," and "impairment rating" that his opinions were based on a reasonable degree of medical certainty. Therefore, it is reasonable that his next opinions regarding "specific functional limitations" and "anticipated future medical needs" are based upon a reasonable degree of medical certainty. Furthermore, he states these opinions conclusively and does not speculate. At the very least, Dr. Katz opinions are sufficiently reliable. Thus, Dr. Katz opinions regarding the plaintiff's "specific functional limitations" and "anticipated future medical needs" are admissible.

Nevertheless, in his report under "anticipated future medical needs," and in his deposition testimony, Dr. Katz stated that he cannot opine to a reasonable degree of medical certainty whether the plaintiff will need surgery in the future or what type of surgery he might need, if any. As a result, Dr. Katz testimony

9

regarding the plaintiff's risk for surgery is too speculative and not reliable. Therefore, the Court finds that any testimony from Dr. Katz regarding the plaintiff's future need for surgery is inadmissible.

### 3. *Motion to Strike*

In this motion, the defendants ask the Court to exclude from trial any testimony from Dr. Katz regarding the plaintiff's future medical expenses, past medical expenses, and possible need for future surgery. The Court has previously discussed and excluded any testimony from Dr. Katz as to the plaintiff's costs for past medical treatment and possible need for future surgery. In regard to future medical expenses, Dr. Katz testified at his deposition that the plaintiff's costs would be $3.00 or $4.00 per month for Ibuprofen, $600.00 per year for physical therapy, $100.00-$150.00 for a cervical pillow, and either $1200.00 for a CT every ten years or $2000.00 for an MRI every ten years. Although Dr. Katz did not specify these costs in his report, he did opine, based on a reasonable degree of medical certainty, that the plaintiff would incur these medical expenses. Furthermore, Dr. Katz expert opinion regarding the plaintiff's future medical expenses is based upon his own evaluation of the plaintiff and the data from the plaintiff's medical records. It is not speculative nor is it unreliable. As a result, the Court finds that testimony from Dr. Katz regarding the plaintiff's future medical expenses, except those in regard to

10

future surgery, are admissible.

For the reasons discussed above,

**IT IS HEREBY ORDERED THAT** the defendants' Second Motion in Limine [docket entry no. 62] and Supplement to the Second Motion in Limine [docket entry no. 73] are **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED THAT** the defendants' Third Motion in Limine [docket entry no. 63] and Supplement to the Third Motion in Limine [docket entry no. 74] are **DENIED**.

**IT IS FURTHER ORDERED THAT** the defendants' Motion to Strike [docket entry no. 72] is **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED AND ADJUDGED** this the 10th day of June 2010.

                     s/ David Bramlette

                     **UNITED STATES DISTRICT JUDGE**